1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10
11
12
13
14
15

AUSTIN L. SANDS,

    *Petitioner*,

vs.

SHERMAN HATCHER, *et al.*,

    *Respondents.*

2:06-cv-01145-KJD-LRL

ORDER

16       This habeas matter comes before the Court for initial review under Rule 4 of the Rules

17   Governing Proceedings under Section 2254.  Following upon said review, the Court *sua*

18   *sponte* raises the question of whether the petition is time-barred because it was not filed

19   within the one-year limitation period established in 28 U.S.C. § 2244(d)(1).  Petitioner

20   therefore will be directed to show cause in writing why the petition should not be dismissed

21   as time-barred.

22                               ***Background***

23       According to the materials submitted, petitioner Austin Sands was convicted, pursuant

24   to a jury verdict, on two counts of attempted murder with the use of a deadly weapon (Counts

25   I and III) and one count of resisting a public officer (Count IV).

26       The original judgment of conviction was entered on May 31, 2000.  Petitioner was

27   sentenced on each count of attempted murder with the use of a deadly weapon (Counts I and

28   III) to consecutive sentences of a minimum of 24 months and a maximum of 120 months.  He

1    was sentenced on the single count of resisting a public officer (Count IV) to a minimum of 12
2    months and a maximum of 36 months.   The sentences on all of counts were to run
3    concurrently.  Petitioner additionally received credit for 451 days of time served.

4         On direct appeal, the Supreme Court of Nevada rejected each of petitioner's claims
5    of error.  The court noted in its November 9, 2001, order, however, that there was a clerical
6    error in the judgment of conviction.  The judgment reflected that Sands had been convicted
7    on Counts I through IV when he in fact had been acquitted on Count II.  The state high court
8    therefore affirmed in part and remanded in part for the limited purpose of correcting the
9    clerical error in the judgment of conviction.[1]

10        Sands filed a petition for a writ of *certiorari* in the United States Supreme Court.  The
11   Supreme Court denied the petition on October 7, 2002.  *Sands v. Nevada*, 537 U.S. 910, 123
12   S.Ct. 253, 154 L.Ed.2d 189 (2002).

13        In the meantime, on March 21, 2002, while the *certiorari* petition still was pending
14   before the United States Supreme Court, Sands filed a state post-conviction petition.  The
15   state district court denied relief and the Supreme Court of Nevada affirmed on appeal.  The
16   remittitur issued on May 21, 2004.

17        On or about January 25, 2005, petitioner mailed for filing in the state district court a
18   motion to amend the judgment of conviction to correct the clerical order as previously directed
19   by the Supreme Court of Nevada in its November 9, 2001, order.  In its response, the State
20   acknowledged that the clerical error in the judgment remained; and the State agreed that
21   petitioner was entitled to a second amended judgment.

22        On February 17, 2005, a second amended judgment of conviction was entered
23   correcting the clerical error pursuant to the Nevada Supreme Court's 2001 order of partial
24   remand.  The thirty day time period for taking an appeal from the second amended judgment
25   of conviction expired on Monday, March 21, 2005.

27        [1]Prior to the order, on October 10, 2000, an amended judgment of conviction was filed in the state
28   district court.  The amended judgment did not fully correct the clerical error later noted by the Nevada
     Supreme Court, however.

-2-

On or about December 25, 2005, petitioner mailed for filing a federal habeas petition in this Court in No. 2:06-cv-00045-RCJ-LRL.   On January 20, 2006, the Court denied petitioner's pauper application because it was not on the proper form and because it was not supported  with a proper inmate account statement.  The Court gave petitioner thirty days to file a properly supported pauper application.  The Court's order informed petitioner that the action  would  be  dismissed  without  prejudice  if  he  failed  to  file  a  properly  completed application in response to the order.  The order specified exactly what was required within the text of the order itself.  Petitioner nonetheless submitted a second application with the very same inmate store system account statement that the Court already had declared to be deficient.  The Court accordingly denied the second application and dismissed the action without prejudice.  The judgment of dismissal was entered on March 7, 2006.

On  or  about  March  14,  2006,  petitioner  mailed  for  filing  his  first  motion  for reconsideration of the judgment of dismissal in No. 2:06-cv-00045-RCJ-LRL.  Petitioner ultimately filed three motions for reconsideration.  He urged in the first motion that the Court's orders denying the pauper applications were incorrect, in the second motion that he had failed to comply with the orders because he was confused, and in the third motion that inmate financial  services  had  misled  him.   The  Court  denied  each  successive  motion  for reconsideration, noting, *inter alia*, that petitioner's claim in the third motion that he had been misled by inmate services was "based upon a lie that is directly refuted by the record."  No. 2:06-cv-00045-RCJ-LRL, #20, at 5.  The last order was entered on August 8, 2006.  Petitioner did not appeal either the judgment of dismissal or any of the orders denying reconsideration.

On or about September 1, 2006, petitioner mailed the present petition for filing .

### Discussion

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition, as amended, is time-barred for failure to file the petition within the one-year limitation period established in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period began running after "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such direct review." The Court will assume, *arguendo*, that the proceedings on direct review in petitioner's criminal case did not conclude until March 21, 2005, *i.e.*, until after: (a) the state district court acted on the Nevada Supreme Court's remand order on direct appeal by entering a corrected judgment; and (b) the time for taking a direct appeal from the corrected judgment then expired.

Even with this *arguendo* assumption, the present petition is untimely, as it was mailed for filing on or about September 1, 2006, more than one year after March 21, 2005.

Petitioner's prior petition in No. 2:06-cv-00045-RCJ-LRL did not stop the running of the federal limitation period with regard to the present petition. The filing of a federal petition for a writ of habeas corpus does not stop the running of the federal one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

Thus, on the face of the record, the present petition is subject to dismissal as time-barred under Section 2244(d)(1).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled if extraordinary circumstances beyond the petitioner's control made it impossible to file a federal petition on time. *E.g., Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). However, to establish equitable tolling, a petitioner must show that objective external forces rather than his own lack of diligence caused the failure to file timely. *See id.* Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a date later than the date on which the time expired for filing a direct appeal. *See* 28 U.S.C. § 2244(d)(1)(B), (C) & (D).

Finally, petitioner requests in #9 that the Court reconsider its prior order (#8) denying his motion for counsel, denying his motion for a copy of the local rules, and denying his motion to raise his NDOC credit limit for copies.

The request for reconsideration of the denial of the motion for appointment of counsel will be denied for the reasons previously assigned. This is not a criminal proceeding. There is no Sixth Amendment right to counsel in a federal habeas proceeding, and the interests of justice do not warrant a discretionary appointment of counsel at this juncture.

The request for reconsideration of the denial of the motion for a copy of the local rules also will be denied.  In his original motion, petitioner represented to the Court that he did not have access to a copy of the local rules.  The Court denied the request for a personal copy of the local rules and directed petitioner to the prison law library.  Petitioner, reminiscent of his varying and inconsistent stories in the first action, the last of which was directly refuted by the record, now maintains that the copy of the local rules in the prison law library is not up to date.  In all events, the local rules have no bearing on the issue presently before the Court, which is whether the petition is time-barred.  Petitioner's request for a personal copy of the local rules again is denied.

On the request for reconsideration of the denial of the motion to raise his credit limit for copies, the Court observed in denying the motion: (a) that petitioner asserted that he had used $85.00 of his $100.00 copy credit limit; and (b) that the remaining balance was adequate to pursue his interests in this matter, including the making of the approximately 25 pages of record materials that the Court ordered petitioner to file.  Petitioner instead filed 125 pages of record materials and now maintains that he thus has exhausted his credit limit.  In reviewing these materials, the materials ordered by the Court in fact consisted of, in line with the Court's original estimate, less than 20 pages.  The remaining over 100 pages of materials filed were not ordered to be filed by the Court and further were irrelevant, collateral and/or already present in the record.  The submission included an 81-page copy of a *certiorari* petition that there was absolutely no reason to file.

Out of an abundance of caution, however, the Court will order that petitioner's copy limit be increased by $10.00.  Petitioner should use the credit wisely.  The Court will not order another increase in the credit limit and will not order a larger increase than the above.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred.  If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred.  If petitioner responds but fails to come forward with specific facts demonstrating that the petition is not time-barred, the petition will be

dismissed with prejudice.  All assertions of fact must be supported by competent evidence. Any assertions of fact not made pursuant to a declaration under penalty of perjury will not be considered.

IT FURTHER IS ORDERED that petitioner's copy credit limit with the Nevada Department of Corrections shall be raised by the amount of $10.00 (ten dollars).  The Clerk of Court shall  send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT FURTHER IS ORDERED that all other requests for relief in #9 are DENIED.

DATED this 3RD day of January 2007.


_____
Kent J. Dawson
United States District Judge